FILED

APR - 5 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISON

IN THE MATTER OF                )
THE EXTRADITION OF              )   Misc. No.   SA: 18-MJ-0395
YODERMIS PIE ALLEN              )
                                )
                                )

COMPLAINT
(18 U.S.C. § 3184)

I, Priscilla Garcia, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligation to the Government of the Kingdom of Norway (the "Requesting State").

2. The extradition provisions in force between the United States and Norway are found in the Extradition Treaty between the Government of the United States of America and the Government of the Kingdom of Norway, and related Exchanges of Letters, signed 9 June 1977, 31 U.S.T. 5619 (the "Treaty").

3. Pursuant to the Treaty, the Requesting State has submitted a formal request through diplomatic channels for the extradition of Yodermis Pie Allen ("Pie" or "the fugitive").

4. Foreign charges. Pie is being prosecuted for committing a sexual offense (i.e., attempted rape) and a felony against a person's life, body, and health (i.e., assault) in violation of Chapter 19 Section 192 (conferring Chapter 4, Section 49) and Chapter 22 Section 229 (conferring Chapter 22, Section 232), respectively, of Norway's General Civil Penal Code.

Article 2.1 of the Treaty defines extraditable offenses, in part, as those described in an annexed Schedule and punishable under the laws of both Norway and the United States by a term of imprisonment which exceeds one year. The attempted rape and assault with which Pie is charged are offenses described under paragraphs 3 and 6 of the Schedule to the Treaty.

The Norwegian offenses - sexual offense (i.e., attempted rape) and felony against a person's life, body, and health (i.e., assault) – each is punishable by a term of imprisonment in excess of one year. Similarly, the U.S. analogs to those offenses – for example, those found at Tex. Penal Code §§ 12.33, 15.01, and 22.021 and 18 U.S.C. §§ 2241(a) and 2242 for attempted

rape, and Tex. Penal Code §§ 12.33, and 22.02 and 18 U.S.C. §113(a)(2) for assault – are also punishable by a term of imprisonment in excess of one year.

5. **Foreign arrest warrant**. On May 15, 2017, a warrant for Pie's arrest was issued by Deputy Judge Lena Skjold Rafoss of the Oslo District Court. A copy of this warrant, which remains outstanding, is attached to this complaint as Exhibit 1.

6. **Facts underlying foreign prosecution**. In the early morning hours of August 12, 2013, Mari Lauvdal ("Lauvdal") went to Bla, a bar located at the intersection of Korsgata and Nedre Slottsgate Streets in Oslo, Norway. Eventually, she went outside the bar where a number of patrons had congregated, including Pie. While Lauvdal was talking to a man she had met at the bar, Pie approached her and asked if he could take her to an after-party. Lauvdal declined the invitation and Pie confronted her a second time, this time taking a hold of her wrist and telling the man she had been speaking with "Two minutes, give me two minutes." Pie then pulled Lauvdal and escorted her across a bridge and then to an area nearby undergoing construction.

At first, Lauvdal had felt safe because there were several persons outside the bar. There was no one in the area undergoing construction, however, and when they got there, Pie pushed her against a wall and told her, "You shall be with me." Lauvdal told Pie that was not going to happen and asked him to release her.

However, Pie continued to hold Lauvdal by her wrists and arms, while attempting to make contact with her face in a way that Lauvdal believed was an attempt to kiss her. He also tore at her clothes on her upper body and tried to touch her breasts. He also repeated the words "five minutes," which Lauvdal interpreted as an expression of his intent to engage in sexual activity for that length of time.

She shouted at him that what he was doing was not okay, and that it was against her will and attempted rape. In response, Pie banged her against a wall several times, and then placed his hands around her neck to muzzle her screams. Lauvdal, who is trained in the martial arts, was able to escape from Pie's stranglehold, only to be caught again and banged against the wall several times while she tried to call for help.

Lauvdal managed to free herself and ran away but Pie caught up with her, grabbed her by the hair, and pulled her near some water. Before, Lauvdal believed Pie intended to rape her, now she feared for her life. Again, Lauvdal was able to free herself, but also again, Pie grabbed her by her hair and her shirt and threw her to the ground. Pie then sat on top of Lauvdal and applied another stranglehold; however, she heard voices, and Pie released his hold and started running away. Lauvdal and other witnesses chased Pie and were able to detain him until the police arrived.

Pie – whose conduct Lauvdal described to the police as "brutal" and "like an animal," was interviewed on two occasions – the date of the incident and approximately four months later. He maintained that he was trying to protect Lauvdal from two African men who claimed to know her; that one of these men punched him in the neck and demanded that he (Pie) give him everything he had or they would call the police; and that Lauvdal and the two men made up the story that he attempted to rape Lauvdal when in fact he just stood by her side.

Police authorities obtained statements from five eyewitnesses – all of whom corroborated various aspects of Lauvdal's account of events. Lauvdal was medically examined the day of the attack and two days later, and photographs were taken of her injuries. The medical findings – which included missing hair in the back of Lauvdal's head; discoloration in her throat, breasts, chest, and left arm; and scab-encrusted skin on both knees and left thigh and shin – also fully corroborated the assault and attempted rape. Lauvdal's injuries were such that her activities were curtailed for 6 days following the incident.

7. **Fugitive's presence in the United States.** The fugitive is presently under detention at the South Texas Detention Facility locate at 566 Veteran Drive, Pearsall, Texas, 78061.

8. **Fugitive's description.** Pie was born in Cuba on January 11, 1984. Photographs of Pie, as well as copies of his fingerprint card, are attached to this complaint at Exhibit 2.

9. **Extradition request.** Tom Heinemann, an attorney in the Office of the Legal Adviser of the U.S. Department of State, has provided the U.S. Department of Justice with a declaration authenticating a copy of the diplomatic notes by which the request for extradition was made and a copy of the Treaty, stating that the offenses for which extradition is demanded are provided for by the Treaty, and confirming that the documents supporting the request for extradition are properly certified by the principal U.S. diplomatic or consular officer in Norway, in accordance with 18 U.S.C. § 3190, so as to enable them to be received into evidence.

WHEREFORE, the undersigned requests that:

a. A warrant for the arrest of Yodermis Pie Allen be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and Norway, so that the fugitive may be arrested and brought before this Court to the end that the evidence of criminality may be heard and considered; and

b. The court find the fugitive extraditable and certify the same to the Secretary of State pursuant to the Treaty and 18 U.S.C. § 3184.

JOHN F. BASH
United States Attorney

By: _____
PRISCILLA GARCIA
Assistant United States Attorney
601 N. W. Loop 410, Suite 600
San Antonio, TX 78216
(210) 384-7150
State Bar No. 07641200

Sworn to before me and subscribed in my presence this __5th__ day of April 2018, AND A WARRANT SHALL ISSUE.

_____
ELIZABETH S. ("BETSY") CHESTNEY
United States Magistrate Judge

4

# Exhibit 1

IN OSLO DISTRICT COURT
Arrest Warrant in case 17-079348ENE-OTIR/07

*Translation from Norwegian*

Page 1 of 4
15 May 2017



MSP 31.10.2017

## OSLO TINGRETT – OSLO DISTRICT COURT
P.O. Box 8023 Dep, 0030 Oslo. Oslo tinghus, C.J Hambros plass 4. Registered organisation no.: 974714647.
Tel 22 03 52 00. www.domstol.no/otir. oslo.tingrett.eksp@domstol.no.

Doc no. 2

Oslo Politidistrikt / Oslo Police District
Politiadvokater / Police Prosecutors Christian Hatlo and Hilde Kolnes
P.O. Box 8101 Dep
0032 Oslo

| Your reference | Our reference 17-079348ENE-OTIR/07 | Our handler Anne Helene N Skaar | Date 15 May 2017 |

**Arrest Warrant with a view to international wanted bulletin and subsequent extradition.**
**Oslo Police District – Yodermis Pie Allen, born 11 January 1984.**

By signature of 12 May 2017, the Oslo Police District has requested the court to issue a warrant for the arrest of Mr Yodermis Pie Allen, born on 11 January 1984, with a view to issuing an international wanted person bulletin for his subsequent extradition to Norway, see Criminal Procedure Act, section 175, second paragraph, and confer section 171, no. 1, and confer section 170.a. The request has been endorsed by the Oslo Public Prosecutor.

Information states that the suspect is living abroad and that the prosecution service will request his extradition to Norway. The arrest warrant should therefore be issued by the courts, see CPA 175, second paragraph.

In this court's opinion, he may be suspected with just cause for the offences described in the charge sheet of 25 August 2014, see CPA 171, first para. He is charged with attempted rape, see Norwegian Penal Code (1902), section 192, first paragraph, letter a, confer NPC 49, and inflicting bodily harm under extremely aggravating circumstances, confer NPC (1902) section 229, first penal alternative, and confer NPC 232. In its assessment this court has emphasised the testimony of the victim, which is supported by other evidence in the case, including a portfolio of photographs and witness testimony.

In this court's view, there is reason to fear that the suspect will avoid prosecution or fulfilment of the sentence if he is not arrested, see CPA 171, first para, no. 1. The main hearing was scheduled for 26 January 2015, but was postponed because it was not possible to summons him to the trial. He has been on the international [national] wanted list since 25 January 2015. The police have recently been informed that the suspect is living abroad.

An arrest with a view to international wanted status and subsequent extradition to Norway is not a disproportionate intervention, in this court's view, and is deemed sufficiently well-founded, see CPA 170.a. In this process, the court has been persuaded by the gravity and nature of the case, the need to implement the criminal trial, and the risk of evasion.



*Government Authorised Translator*

True translation certified

IN OSLO DISTRICT COURT
Arrest Warrant in case 17-079348ENE-OTIR/07

Page 2 of 4
15 May 2017

This court now orders that Yodermis Pie Allen, born 11 January 1984, shall be arrested with a view to international wanted status and subsequent extradition to Norway.

Oslo District Court

Lena Skjold Rafoss
Deputy Judge

17-079348ENE-OTIR/07

True translation certified

Government Authorised Translator
251016-0083

Exhibit 2





27

